**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 06-05383 JSW |
| v. | |
| WILLIAM J. KENNEDY, individually and d/b/a AMERICAN LEGAL SERVICES and EAR OF MALCHUS, | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| Defendant. / | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 2, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Plaintiff's motion for preliminary injunction.

The parties shall each have 20 minutes to address the following questions:

1. On what evidence does Defendant rely, beside his own self-serving declaration, that he no longer markets a program or arrangement known as a "corporation sole"? What is Defendant's response to the multiple declarations of clients and potential clients who declare under penalty of perjury that they have attended several meetings well into 2006 regarding corporations sole and other programs?

2. It is clear from the record that the "agreement" submitted for review to the IRS was not a mutual agreement, but rather a promise by Defendant to cease promotion of his tax evasion plans. However, if Defendant agrees to cease organizing, promoting, marketing, or selling any plan or arrangement, including his corporation sole program, why does he contest the Court so ordering?

3. What is the difference between the corporation sole arrangements and the debt elimination programs? Is the government seeking to enjoin both?

4. Should the Court adopt its tentative decision and grant a preliminary injunction, what is the appropriate bond amount?

5. What specific discovery does Defendant wish to obtain should he be granted leave to conduct discovery prior to issuance of a preliminary injunction?

6. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 25, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE