IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM J. KENNEDY, individually and d/b/a AMERICAN LEGAL SERVICES and the EAR OF MALCHUS,<br><br>Defendant. | Case No. 03:06-cv-5383-JSW<br><br>**ORDER** |

**PRELIMINARY INJUNCTION**

Upon motion by Plaintiff, the United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction.

**Standards for Preliminary Injunction**

In order to obtain a preliminary injunction pursuant to 26 U.S.C. (Internal Revenue Code, I.R.C.) § 7408, the United States must show that (1) defendant engaged in conduct subject to penalty under § 6700; and (2) injunctive relief is appropriate to prevent the recurrence of such conduct.

In order to obtain a preliminary injunction pursuant to I.R.C. § 7402, the United States

must show that the following four factors weigh in favor of granting a preliminary injunction against defendant: (1) there is a likelihood of irreparable injury to the United States as a result of the conduct complained of; (2) there is a likelihood of little or no harm to defendant if the temporary injunctive relief is granted; (3) there is a likelihood that the United States will prevail on the merits; and (4) an injunction will serve the public interest.

The following factual findings are not meant to be binding, but rather represent those facts this Court finds probable that the parties can prove at trial. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1423 (9th Cir. 1984).

**Findings of Fact**

Based on the evidence submitted, the Court finds as follows:

(1) Defendant William J. Kennedy, individually and through his associated entities the Ear of Malchus and American Legal Services, markets a program or arrangement known as a "corporation sole" as a mechanism to help participants evade reporting and paying federal income taxes, as well to conceal assets and thereby evade estate taxes and IRS collection efforts. He charges customers $25,000 to purchase his corporation-sole program.

(2) Kennedy markets the corporation sole program through word of mouth, in personal meetings with customers, and on his website.

(3) Kennedy falsely tells customers that his corporations sole provide significant tax advantages and can eliminate or reduce customers' federal tax liabilities. He advises customers that they can treat their corporations sole as a purported church with no tax-filing or tax-paying requirement, and yet can control and use the assets and income of the corporation sole for their own personal benefit.

(4) Kennedy falsely advises participants that corporations sole that are used for the participants' personal benefit are tax-exempt, do not need to file tax returns of any kind, and do not need to keep records.

(5) Kennedy falsely advertises that customers who have a corporation sole can assign their income to the entity and thereby transform taxable individual income into nontaxable income of the corporation sole. He also falsely advertises that his corporation sole scheme can legally eliminate his customers' debts.

(6) Kennedy falsely states that a corporation sole can be engaged in any occupation, business or profession, and that all earnings therefrom are tax-exempt, and that no tax return need be filed.

(7) Kennedy falsely instructs customers that his corporations sole do not have to qualify under I.R.C. § 501(c)(3) in order to enjoy tax-exempt status.

(8) The effect of Kennedy's corporation-sole promotion is that participants live in the same residence and operate the same business as they did before joining the program. Under Kennedy's program, participants' living expenses are paid from the participants' earnings—just as before the corporation sole was created. Participants receive the full benefit of, and have full control over, all corporation-

Case 3:06-cv-05383-JSW Document 33 Filed 12/05/2007 Page 3 of 5

sole funds. The only substantive change in the participants' regular business and lifestyle activities is the purported benefit of no taxation.

(9) The corporations sole that Kennedy markets are operated for the benefit of the owner, are devoid of economic substance and are shams for federal tax purposes. The program constitutes an improper assignment of income and a fraudulent transfer of assets.

(10) Kennedy knew or should have known that his representations regarding the corporation sole program, and the tax benefits to be derived from participation in his scheme are false because: (1) the corporation sole program is frivolous on its face, (2) there are numerous judicial decisions rejecting the corporation sole scheme and enjoining promoters of this program, (3) the IRS has issued numerous public documents explaining the invalidity of the corporation sole program, (4) Kennedy was a customer of Joseph O. Saladino who was enjoined from promoting the corporation sole program in 2005, (5) one of Kennedy's customers filed a complaint against him alleging that his corporation sole program was fraudulent, and (6) Kennedy holds himself out as an expert in tax law.

(11) Kennedy interferes with the administration of the internal revenue laws by attempting to block IRS examination and collection efforts by instructing customers to assign assets to their corporations sole and telling them that they can ignore requests for information from the IRS.

(12) Kennedy has continued to promote his corporation sole tax-fraud scheme even after learning that he was under IRS investigation.

(13) Absent this preliminary injunction, Kennedy will continue to promote the corporation sole tax-fraud scheme.

(14) If this injunction is not granted, the United States will suffer irreparable harm because Kennedy advises his customers to not file returns, to file returns falsely claiming no income, and to hide their income from the IRS in corporations sole. Further, considerable government resources are spent reviewing and dealing with the tax returns filed by Kennedy's customers. This injunction will prevent the expenditure of some of those resources.

(15) This injunction is tailored to prevent Kennedy, and his associated entities from causing further injury and from further violating the law. Thus, the threatened injury to the United States outweighs any injury an injunction might cause to defendant.

(16) The public is served by granting this injunction. This preliminary injunction will help stem the spread of and protect the public from defendant's frivolous arguments and fraudulent tax schemes.

To the extent that any of the factual findings above can also be construed as legal conclusions, the factual findings shall also serve as conclusions of law.

**Conclusions of Law**

Based on the evidence presented by the United States, the Court finds that William J. Kennedy, conducting business through the Ear of Malchus and American Legal Services are in violation of I.R.C. § 6700. Accordingly, the Court finds that Kennedy and his associated entities should be preliminarily enjoined under I.R.C. § 7408.

The Court finds that the United States has presented persuasive evidence that the United States and the public will suffer irreparable harm in the absence of this preliminary injunction and that Kennedy and his associated entities will suffer little, if any, harm if the preliminary injunction is granted. The United States also has presented evidence and argument sufficient to convince the Court that the United States has a high likelihood of success on the merits and that Kennedy's position is without merit. Further, the United States has presented credible evidence and argument that shows the public interest will be served through granting this preliminary injunction. Finally, the evidence presented shows that absent this injunction, Kennedy will continue to violate 26 U.S.C. § 6700. Accordingly, the Court finds that Kennedy should also be preliminarily enjoined under I.R.C. § 7402.

**Order**

Based on the foregoing factual findings and for good cause shown, the Court ORDERS that defendant William J. Kennedy, d/b/a the Ear of Malchus and American Legal Services, and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order are enjoined from:

(a) Organizing, promoting, marketing, or selling any plan or arrangement, including his corporation sole program, that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities;

(b) Making false statements about the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by the reason of participating in any plan or arrangement, including the false statement that a corporation sole can reduce or eliminate one's federal income tax liabilities;
Engaging in conduct subject to penalty under Code § 6700, *i.e.*, by making or furnishing, in connection with the organization or sale of a plan or arrangement, a

statement Kennedy knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and

(c) Engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

Further, the Court ORDERS that Kennedy, and his associated entities, provide a copy of this preliminary injunction to all of his customers, by First Class Mail within ten days of the date of this Order. Kennedy will bear the costs of providing the copy of the preliminary injunction to his customers. Kennedy must file a sworn certificate of compliance, swearing that he has complied with this portion of the Order, within ten days of the date of this Order.

Finally, the Court ORDERS the defendant and his representatives, agents, servants, employees, attorneys, and those persons in active concert or participation with him: (1) to remove from his website all abusive-tax-scheme promotional materials, false commercial speech, and materials designed to incite others imminently to violate the law (including tax laws); (2) to display prominently on the first page of his website a complete copy of this Preliminary Injunction Order (in at least a 12-point font size) within 10 days of the date of this Order; and (3) to maintain the purged website, with the Preliminary Injunction Order prominently displayed, until such time as this Court orders otherwise. Defendant shall bear all expenses associated with posting the Court's order and maintaining his website during this period. Kennedy must file a sworn certificate of compliance swearing that he has complied with this portion of the order, within ten days of the date of this Order.

SO ORDERED this 2nd day of February, ~~2006~~ 2007.

JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE