FILED

JUN 2 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )        Case No. 03:06-cv-5383-JCS
                               )
     v.                        )
                               )        **ORDER**
WILLIAM J. KENNEDY, individually and )
d/b/a AMERICAN LEGAL SERVICES and the )
EAR OF MALCHUS,                )
                               )
            Defendant.         )
                               )

This matter The United States of America has filed a complaint for permanent injunction in this matter against defendant William J. Kennedy, individually and doing business as the Ear of Malchus and American Legal Services. The United States, and Kennedy, have filed a Stipulation of Permanent Injunction as follows:

Kennedy, without admitting the allegations contained in the complaint, hereby consents to the entry, without further notice, of this Final Judgment of Permanent Injunction.

Kennedy enters into this Final Judgment of Permanent Injunction voluntarily, and waives the entry of findings of fact and conclusions of law. Kennedy also waives any right he may have to appeal from this Final Judgment of Permanent Injunction.

Case No. 03:06-cv-5383-JCS

#4

1

2      NOW, THEREFORE, it is accordingly ORDERED, ADJUDGED AND DECREED that:

3      1. The Court has jurisdiction over this action pursuant to §§ 1340 and 1345 of Title 28 of

4 the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended

5 (26 U.S.C.) ("Code").

6      2. Kennedy, individually and doing business as any entity, and any officers, agents, servants,

7 employees, attorneys, and persons in active concert or participation with him, are permanently

8 enjoined and restrained from, directly or indirectly, by use of any means or instrumentalities:

9     (a)    Organizing, promoting, marketing, or selling any plan or arrangement, including his
corporation sole program, that advises or assists taxpayers to attempt to violate the
10              internal revenue laws or unlawfully evade the assessment or collection of their
federal tax liabilities;

11

12     (b)    Including marketing a program or arrangement known as a "corporation sole" as a
mechanism to help participants evade reporting and paying federal income taxes, as
well to conceal assets and thereby evade estate taxes and IRS collection efforts.

13

14     (c)    Falsely advising customers that corporations sole provide significant tax advantages,
can eliminate or reduce customers' federal tax liabilities, and that customers that
they can treat their corporations sole as a purported church with no tax-filing or tax-
15              paying requirement, and yet can control and use the assets and income of the
corporation sole for their own personal benefit.

16

17     (d)    Falsely advising customers that corporations sole that are used for the participants'
personal benefit are tax-exempt, do not need to file tax returns of any kind, and do
not need to keep records.

18

19     (e)    Falsely advertising that customers who have a corporation sole can assign their
income to the entity and thereby transform taxable individual income into nontaxable
income of the corporation sole.

20

21     (f)    Falsely advising customers that a corporation sole can be engaged in any occupation,
business or profession, and that all earnings therefrom are tax-exempt, and that no
tax return need be filed.

22

23     (g)    Advising or instructing customers that corporations sole do not have to be an
organization as described in I.R.C. § 501(c)(3) in order to enjoy tax-exempt status.

24     (h)    Making false statements about the allowability of any deduction or credit, the
excludability of any income, or the securing of any tax benefit by the reason of
25              participating in any plan or arrangement, including the false statement that a
corporation sole can reduce or eliminate one's federal income tax liabilities;
26              Engaging in conduct subject to penalty under Code § 6700, *i.e.*, by making or

27

28 Case No. 03:06-cv-5383-JCS      -2-

furnishing, in connection with the organization or sale of a plan or arrangement, a statement Kennedy knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws; and

(i)     Engaging in any other conduct that interferes with the administration or enforcement of the internal revenue laws.

3.     The United States is permitted to engage in post-injunction discovery to ensure compliance with the permanent injunction.

4. This Court shall retain jurisdiction over this action for purposes of implementing and enforcing this Final Judgment of Permanent Injunction.

.

SO ORDERED this 28th day of June , 2007.

_____
JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE

Case No. 03:06-cv-5383-JCS                    -3-